This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

    Plaintiff-Appellee,

v.                                   **NO. 29,961**

**ROGER GRANO,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CURRY COUNTY**
**Stephen K. Quinn, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Law Works LLC
John McCall
Albuquerque, NM

for Appellant

### MEMORANDUM OPINION

**BUSTAMANTE, Judge.**

    Defendant appeals his convictions for trafficking methamphetamine and conspiracy to traffic methamphetamine. In this Court's notice of proposed summary

disposition, we proposed to affirm. Defendant has filed a memorandum in opposition pursuant to several extensions granted by this Court. We have considered Defendant's arguments, and as we are not persuaded by them, we affirm.

**Sufficiency of the Evidence**

Defendant contends, pursuant to *State v. Franklin*, 78 N.M. 127, 428 P.2d 982 (1967), that there was insufficient evidence to convict him of either trafficking methamphetamine or conspiracy to traffic methamphetamine. [DS 5] "In reviewing the sufficiency of the evidence, we must view the evidence in the light most favorable to the guilty verdict, indulging all reasonable inferences and resolving all conflicts in the evidence in favor of the verdict." *State v. Cunningham*, 2000-NMSC-009, ¶ 26, 128 N.M. 711, 998 P.2d 176. "The reviewing court does not weigh the evidence or substitute its judgment for that of the fact finder as long as there is sufficient evidence to support the verdict." *State v. Mora*, 1997-NMSC-060, ¶ 27, 124 N.M. 346, 950 P.2d 789. "The relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Cunningham*, 2000-NMSC-009, ¶ 26 (alteration omitted) (internal quotation marks and citation omitted).

In order to support a conviction for trafficking methamphetamine, the State was required to prove beyond a reasonable doubt that: on a particular date, (1) Defendant "transferred methamphetamine to another," and (2) Defendant "knew it was methamphetamine." [RP 113] In order to support a conviction for conspiracy to commit trafficking a controlled substance, the State was required to prove beyond a reasonable doubt that: on a particular date (1) Defendant and another person "by words or acts agreed together to commit trafficking a controlled substance by distribution," and (2) Defendant and the other person "intended to commit trafficking a controlled substance by distribution." [RP 114]

At trial, Officer Caroland testified that he was present when Teresa Childers made a phone call to Defendant to set up a drug buy. [DS 2] Before Childers made the call, Officer Caroland and Childers's probation officer searched both Childers and her home thoroughly for drugs, and found only a pipe with methamphetamine residue in it, but no other methamphetamine. [DS 2; RP 133] Officer Rains testified he had given Childers $250 in bills to make the purchase. [DS 3] Officer Rains said he observed Lisa Taylor and Defendant drive up to Childers's home and he saw Defendant go into the home. [DS 3] Officer Caroland testified that he hid in Childers's back bedroom during the buy. [DS 3] He said that after several minutes,

3

he returned to the living room and obtained a bag of crystals from Childers, which a laboratory test confirmed was one eighth of an ounce of methamphetamine. [DS 3]

Officer Rains testified that once Defendant left Childers's home and got back into the car with Taylor, Officer Rains stopped Taylor's car and interrogated Taylor and Defendant. [DS 3] Taylor had most of the bills in her possession that Officer Rains had provided Childers for the buy. [RP 131] Defendant had one $20 bill that Officer Rains had given Childers. [DS 4]

A recording of Defendant's conversation with Officer Rains was played for the jury. [DS 4] In the conversation, Officer Rains accused Defendant of getting the methamphetamine from Taylor, selling it to Childers, and retaining a small commission of $20. [DS 4] On the tape, Defendant at first denied the allegation, saying that Childers owed him money, he went to get it from her, and while he was there, she showed him a bag of methamphetamine, which he touched. [DS 4] Later, however, Defendant said that when Childers called, he told her he "would look around" for methamphetamine for her. [DS 4] Although it was not audible on the tape, Officer Rains also testified that Defendant eventually admitted that he sold the methamphetamine for Taylor in exchange for a small commission. [DS 4]

Viewing this evidence in the light most favorable to the verdict, it was sufficient to establish beyond a reasonable doubt the elements required for trafficking methamphetamine and conspiracy to traffic methamphetamine in accordance with the jury instructions. Based on the evidence, a reasonable juror could have concluded that after Childers asked Defendant to get her some methamphetamine, Defendant and Taylor agreed that Defendant would sell Childers methamphetamine he got from Taylor in exchange for a $20 commission from the proceeds. A reasonable juror could also have concluded that Defendant in fact sold Childers the methamphetamine. To the degree that Defendant argued a theory that Childers set Defendant up by giving him money for a past debt and then giving Officer Caroland methamphetamine that was already stored in her home, the jury was entitled to reject this theory of the case, in light of the evidence presented. *See State v. Stefani*, 2006-NMCA-073, ¶ 39, 139 N.M. 719, 137 P.3d 659 (noting that the jury is free to reject the defendant's theory of the case).

Although Defendant's memorandum in opposition continues to argue that the evidence was insufficient, he presents no facts or legal authorities that would persuade this Court that this disposition is in error. He primarily argues that there was insufficient direct evidence to support the convictions, but this argument fails to

5

acknowledge that elements of an offense may be established by reasonable inferences from the evidence. *See State v. Higgins*, 107 N.M. 617, 621, 762 P.2d 904, 908 (Ct. App. 1988) ("[A] material fact necessary to support a verdict may be proved by inferences"). Accordingly, we hold that the evidence was sufficient to support Defendant's convictions.

**Error in the Admission of Evidence**

Pursuant to *Franklin*, Defendant seeks to raise a new issue that was not contained in his docketing statement. [MIO 8-9] However, Defendant failed to move this Court to permit him to amend his docketing statement to add the new issue, and he does not meet the requirements for amendment of the docketing statement. *See State v. Rael*, 100 N.M. 193, 197, 668 P.2d 309, 313 (Ct. App. 1983) (stating that in cases assigned to the summary calendar, this Court will grant a motion to amend the docketing statement to include additional issues if the motion (1) is timely, (2) states all facts material to a consideration of the new issues sought to be raised, (3) explains how the issues were properly preserved or why they may be raised for the first time on appeal, (4) demonstrates just cause by explaining why the issues were not originally raised in the docketing statement, and (5) complies in other respects with the appellate rules.). Defendant states that the issue was not preserved in the district

6

court. [MIO 9] Furthermore, Defendant does not contend that the issue is viable. *See State v. Moore*, 109 N.M. 119, 129, 782 P.2d 91, 101 (Ct. App. 1989) (stating that this Court will deny motions to amend that raise issues that are not viable, even if they allege fundamental or jurisdictional error), *superceded by rule on other grounds as recognized in State v. Salgado*, 112 N.M. 537, 817 P.2d 730 (Ct. App. 1991). Because Defendant failed to move to amend the docketing statement and because his arguments do not meet the requirements for granting a motion to amend, we decline to address this issue.

Therefore, for the reasons stated in this opinion and the notice of proposed summary disposition, we affirm.

**IT IS SO ORDERED.**

_____

**MICHAEL D. BUSTAMANTE, Judge**

**WE CONCUR:**

_____

**CYNTHIA A. FRY, Chief Judge**

_____

**LINDA M. VANZI, Judge**

7